# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD TYRONE NEELY<br>a/k/a "T.Y.,"<br><br>Defendant. | Case Numbers:<br><br>18-00354-04-CR-W-BCW |

## BINDING PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the parties described herein have entered into the binding plea agreement set out below, in which the parties agree, after consideration by the parties of a number of factors[1] and following the unconditional plea of guilty to the Information charges set out herein, to recommend the Court impose, as an appropriate and reasonable sentence in this case, a specific total sentence at or within a range of 60 month to 120 months[2] imprisonment, a three (3) years term of supervised release (TSR), no fine or restitution, and a $200.00 mandatory special assessment (MSA).

---

[1] Some of the factors considered: the length of time and degree of the defendant's involvement in any relevant criminal conduct; the length of time the defendant spent in custody pre-plea; the type and quantity of drugs involved; whether the defendant was involved with firearms or violence during the relevant criminal conduct; the degree of benefit the defendant derived from the relevant criminal conduct; the defendant's criminal history and its relevance to the relevant criminal conduct; acceptance of responsibility; the defendant's agreement herein to be bound to this sentence and not seek a departure or variance from it; defendant's waiver of pre-trial motions or further pursuant of same; the relative strength of the United States' evidence; and other agreements, restrictions, and waivers contained herein or presented *in-camera* to the Court.

[2] This recommendation does NOT include any consideration of or position on the current Jackson County, Missouri, charges now pending against Defendant NEELY.

The parties recognize that even if the terms of this binding plea agreement are accepted, the Court must impose the Count Two sentence consecutively to the Count One sentence, albeit with the total imprisonment sentence imposed still at or within the agreed 60 to 120-month imprisonment range.

1. **The Parties.**  The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, Acting United States Attorney, and Bruce Rhoades, Assistant United States Attorney, and the defendant, HOWARD TYRONE NEELY, a/k/a "T.Y." ("the defendant"), represented by Carl E. Cornwell.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.**  The defendant agrees to and hereby does plead guilty to Count One of the Information charging the defendant in Count One with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), that is, possession with intent to distribute some amount of a mixture or substance containing a detectable amount of Codeine, and;

The defendant agrees to and hereby does plead guilty to Count Two the Information charging the defendant in Count Two with a violation of 18 U.S.C. § 924(c)(1)(A)(i), that is, possession of a firearm in furtherance of drug trafficking.

By entering into this plea agreement, the defendant admits that he knowingly committed all these offenses and is in fact guilty of these offenses.

2

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

As set out in Count One and Count Two of the Information and in the ***photograph attached hereto as Exhibit "A" to this binding plea agreement,*** on or about August 13, 2017, Defendant Neely was in possession of some amount of Codeine mixture and a firearm, within the Western District of Missouri.

The referenced photograph attached hereto as Exhibit "A," is a still shot of an approximately three-second video from the Apple iPhone recovered from the person of Defendant Howard Tyrone Neely. An extraction of said recovered Apple iPhone states that said video was shot by said iPhone on or about August 13, 2017. Said still shot photograph depicts the inside of a vehicle, from the driver's seat, across to the front passenger door. As depicted in said photograph, on the center console of the inside of said vehicle are four similar bottles. At least one of them state that they contain some mixture of 8 ounces of Codeine. In the front passenger seat door pocket is depicted a firearm.

Defendant Neely admits that on or about August 13, 2017, the date alleged in the Information, Neely possessed four bottles of Codeine mixture within the WDMO and that when he possessed them on or about that date, he knew they contained some amount of Codeine and at that time, he intended to distribute some or all of them to others within the WDMO, in exchange for something of value. Defendant Neely did not possess at that time any valid licenses or registrations that allowed his possession of or distribution of said Codeine mixture.

Further, Defendant Neely admits that while in possession, on or about August 13, 2017, of the above referenced four bottles of Codeine mixture with the intent to distribute them, he was also in possession on or about August 13, 2017, of the functioning firearm located and observed in the same photograph as the said four Codeine mixture bottles and said firearm possession was in furtherance of his drug trafficking of the said four bottles of Codeine mixture, all within the WDMO.

The defendant acknowledges that any additional facts and evidence that exist in this case were provided to defendant's attorney previously (i.e. "discovery") and the defendant had an opportunity to review such discovery with his attorney prior to signing this plea agreement.

The defendant further acknowledges that the information set out herein represents at least 16 ounces of Codeine mixture for which he is responsible.

The parties have agreed to a drug level 20 in this plea agreement, based on at least 16 ounces of Codeine mixture but not more than 32 ounces of Codeine mixture. It is understood by the parties that the pre-sentence investigation will determine a drug level of responsibility for the defendant based on the evidence in the attached photograph and facts set out herein. In the event a higher drug level is determined pursuant to the pre-sentence investigation or the Court at sentencing, the parties are free to express their respective positions about that higher drug level at sentencing. The parties further understand either the pre-sentence report or the Court at sentencing will have to decide what concentration of Codeine mixture exists and that could be mixture or substance *or* actual.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and an advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3 (a)(2), even though this is a binding plea agreement. The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of any indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon pleading guilty to Count One of the Information charging the defendant in Count One with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), that is, possession with intent to distribute some amount of a mixture or substance containing Codeine, the maximum penalty the Court could impose under the law is not more than twenty (20) years imprisonment and not more than a $1,000,000.00 fine; and that the Court would have to impose not less than three (3) years of supervised release. The defendant further understands that this offense is a Class C felony.

4

The defendant further understands that upon pleading guilty to Count Two of the Information charging the defendant in Count Two with a violation of 18 U.S.C. §924(c)(1)(A)(i), that is, possession of a specific firearm in furtherance of the drug trafficking in Count One, the minimum penalty the Court may impose is not less than five years imprisonment consecutive to any other sentence imposed, and the maximum penalty the Court could impose under the law is not more than life imprisonment consecutive to any other sentence imposed and not more than a $250,000.00 fine; and that the Court would have to impose not more than less than five (5) years of supervised release. The defendant further understands that this offense is a Class A felony.

Additionally, the defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment which must be paid in full prior to sentencing in this case. Failure to timely pay said assessment can result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government can consider the failure to timely pay it as a violation of this plea agreement and seek to have this agreement voided.

However, if this binding plea agreement is accepted by the Court, the Court shall only impose the binding terms herein, i.e. a term of imprisonment on or within a range of 60 to 120 months imprisonment, a three (3) year TSR, and a $200.00 MSA. The parties acknowledge the sentence for Count Two has to be imposed consecutively to Count One, but under the binding terms, the total sentence imprisonment imposed will still be on or within the binding range of 60 to 120 months imprisonment.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. even though this is a binding plea agreement, the Court shall first determine the appropriate guideline sentence range by consulting and considering the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature;

    b. in addition to imposing the agreed sentence on or within a range of 60 to ~~1220~~ 120 months imprisonment, the Court shall impose a term of supervised release of three (3) years, as agreed upon herein;

    c. if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release;

    d. the sentence of imprisonment imposed by the Court will not allow for parole;

    e. as long as the Court imposes the binding sentence recommended herein, the defendant may not withdraw this guilty plea solely because of the nature or length of the sentence imposed by the Court.

    f. The defendant agrees not to contest the transfer of any forfeitable property from any state or local agency to the United States and to take whatever steps are necessary to facilitate that transfer. The defendant specifically agrees and authorizes any state or local law enforcement agency having possession of property subject to federal forfeiture to release the property to a federal agency either prior to or after entry of an order forfeiting the defendant's interest in such property. Further, the defendant agrees to hold harmless any state or local law enforcement agency which releases such property to any federal agency for federal forfeiture proceedings.

6

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to refile any dismissed charges or bring any additional charges against defendant for any federal criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above or in the pending and related second superseding indictment, except as set out herein and in paragraph 15 below. Following sentencing, the United States agrees to dismiss the pending second superseding indictment, as it pertains to Defendant Neely.

The defendant understands that the United States' agreement to forego prosecution of additional criminal offenses with which the defendant might be charged are based solely on the promises made by the defendant in this agreement and the limitations set out herein, including those in paragraph 15 below. If the defendant breaches any of the terms of this plea agreement, at any time after signing it, including after sentencing, the United States retains the right to proceed with the original charges and any other applicable criminal violations. The defendant expressly waives any right to challenge the initiation of the reduced, dismissed, or additional charges against defendant if defendant breaches this agreement. The defendant expressly waives any right to assert a statute of limitations defense if the reduced, dismissed, or additional charges are initiated against defendant following defendant's violation of any of the terms of this plea agreement. The defendant further understands and agrees that if the Government elects to pursue said charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

The defendant further understands that nothing in this plea agreement prevents any prosecution for any act of violence or commission of a sex crime or an attempted violent or sex crime act or a conspiracy to commit any violent or sex crime act. This plea agreement also does

7

not prevent prosecution of any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge at the time this plea agreement is signed. The defendant understands and agrees that if the Government files charges against defendant pursuant to one of these exceptions, defendant will not be allowed to withdraw this guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty.

The United States may respond to comments made or positions taken by the defendant, defendant's counsel or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may only withdraw defendant's plea of guilty if the Court rejects the binding plea agreement, imposes a sentence *other than* that recommended herein or if the defendant can show some other fair and just reason for requesting

8

the withdrawal. The defendant understands that if the Court accepts defendant's plea of guilty and the terms of this binding plea agreement and subsequently imposes the sentence that is recommended herein, there will be little if any basis upon which he would be allowed to withdraw these pleas of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. While the Sentencing Guidelines do not bind the Court and are advisory in nature, the Court, if it accepts this binding plea agreement, shall impose the recommended sentence;

    b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2D1.1 which provide for a base drug offense not more than a level 20, but the parties reserve the right to address at sentencing any different level determined by the pre-sentence or that the Court determines;

    c. The parties recognize there might be specific aggravating or mitigating U.S.S.G. applications applicable to this defendant, but the parties elect to address those at sentencing whether or not applied by the pre-sentence report or Court;

    d. The defendant appears to have admitted his guilt and accepted responsibility for his actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and any pretrial release orders; or (2) attempts to withdraw this guilty plea; or (3) violates the law; or (4) otherwise engages in conduct inconsistent with an acceptance of responsibility;

    e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

9

f. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, while the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw this plea of guilty, failure of the Court to impose the recommended sentence will;

g. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the Information. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

h. The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

10

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

   a. oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

   b. comment on the evidence supporting the charges in information and the second superseding indictment;

   c. oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States;

   d. oppose any authorized post-conviction motions, and;

   e. reinstate or file any charges in the event of a violation of this plea agreement, regardless when that violation occurs.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

   a. the right to plead not guilty and to persist in a plea of not guilty;

   b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

   c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

   d. the right to confront and cross-examine the witnesses who testify against the defendant;

   e. the right to compel or subpoena witnesses to appear on defendant's behalf; and

   f. the right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this plea agreement he waives the right to appeal or collaterally attack a finding of guilt or denial of a motion to withdraw his guilty plea following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the Court imposing a sentence *other than* the sentence set out in this binding plea agreement.

    b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground *except* the following four (4) claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) an "illegal sentence," or; (4) that the Court imposed a sentence *other than* the one set out in this binding plea agreement. An "illegal sentence" is a sentence imposed in excess of the statutory maximum or different from that set out in this binding plea agreement, but is *not* a misapplication or miscalculation of the Sentencing Guidelines, an abuse of discretion, imposition of an unreasonable sentence, or imposition of a sentence a party does not request or like. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C.§ 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

    c. The defendant further acknowledges that if he violates the waivers set out in a. and b. above, the United States may re-instate or file any charges dismissed or not pursued as part of this plea agreement, regardless of any other language to the contrary in this plea agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations: [3]

   a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

   b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution or fine or costs order in full.

   c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

   d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

   e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

   f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$200.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

---

[3] The only "financial obligation" in this case is the $200.00 mandatory special assessment.

g. The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that no such transfers will be made in the future.

h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17. Waiver of FOIA Request.** The defendant waives any and all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives any and all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Defendant Will Surrender to Custody at the Plea.** The defendant understands that the crime to which he is pleading is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after he pleads guilty to the offense. Regardless of his current custody status, the defendant hereby agrees not to contest his detention

immediately after the guilty plea, and if he is not already in custody to surrender to the custody of the U.S. Marshals at that time, and to make no effort to be released from U.S. Marshal custody at any time prior to his transfer to the Bureau of Prisons, or another detention facility, for execution of his sentence.

20. **Defendant's Breach of Plea Agreement.** If the defendant violates any conditions of release or fails to appear for sentencing or commits a new criminal offense before sentencing, or if the defendant, prior to or at sentencing, provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or breaches this plea agreement at any time after signing this plea agreement, including after sentencing, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, at any time, including after sentencing, all statements or testimony made by the defendant to the United States Attorney's Office, law enforcement, a grand jury, or any court or tribunal, subsequent to the signing of this plea agreement, or any leads from such statements or testimony, shall be admissible against defendant in any and all criminal proceedings. The defendant waives any rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with

15

this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, or any written supplemental agreement that might be presented to the Court in-camera, have been made by the United States, the Court, his attorneys, or any other party to induce him to enter this plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in-camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

24. **Article III Waiver.** The parties agree to conduct this guilty plea hearing before a magistrate judge *if that becomes necessary*. This agreement hereby waives any and all rights the parties may have to conduct this guilty plea before an Article III judge.

Dated: 6/4/21

Teresa A. Moore
Acting United States Attorney

Bruce Rhoades
Assistant United States Attorney

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the Information. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 6/4/21

Howard Tyrone Neely, a/k/a "T.Y."
Defendant

I am the attorney for Howard Tyrone Neely, a/k/a "T.Y." I have fully explained his rights with respect to the offenses charged in the Information. Further, I have reviewed with him the provisions of the Sentencing Guidelines and statutory minimum sentences which might apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, the decision by Howard Tyrone Neely, a/k/a "T.Y." to enter into this plea agreement is an informed and voluntary one.

Dated: 6/4/21

Carl E. Cornwell
Attorney for Defendant



Plea Agreement Attachment Exhibit "A"